UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAMAR TIDWELL, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-8350 (KM) |
| | : | |
| v. | : | |
| | : | |
| JOHN POWELL and THE ATTORNEY | : | **OPINION** |
| GENERAL OF THE STATE OF NEW JERSEY, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**KEVIN MCNULTY, U.S.D.J.**

I.    **INTRODUCTION**

Before this Court is the petition of Lamar Tidwell ("Petitioner") for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. (D.E. 1.) Mr. Tidwell is presently confined at South Woods

State Prison in Bridgeton, New Jersey. (D.E. 12.) For the reasons set forth below, the habeas

petition is DENIED, and this Court will DENY a certificate of appealability.

II.    **BACKGROUND**

A. **Factual Background**

On October 26, 2007, a grand jury returned Indictment No. 2007-103629, charging

Petitioner with: first-degree murder of Richard Burns in violation of N.J. Stat. Ann. § 11-3a

(Count One); first-degree felony murder of Richard Burns in the course of committing

aggravated arson in violation of N.J. Stat. Ann. § 2C:11-3a (Count Two); second-degree

aggravated assault in violation of N.J. Stat. Ann. § 2C:12-1b (Count Three (as to Richard Burns);

and Count Five (as to Marcus Barnes)); second-degree aggravated arson in violation of N.J. Stat.

Ann. § 2C:17-1a (Count Four); fourth-degree unlawful possession of a weapon in violation of

N.J. Stat. Ann. § 2C:39-5d (Count Six); and third-degree possession of a weapon for an unlawful purpose in violation of N.J. Stat. Ann. § 2C:39-4d (Count Seven). (D.E. 2 at 37-44.) The Indictment charged that Petitioner "dous[ed] the victim [Richard Burns] with gasoline and set[] him on fire." (*Id.* at 38.) (*See also* D.E. 2 at 13-14 (Petitioner's testimony at his plea hearing regarding the underlying facts of the case).)

### B. Procedural History

*Plea*: On June 29, 2010, Petitioner appeared for sentencing and pled guilty to first-degree aggravated manslaughter ("Plea") before the Honorable Michael L. Ravin, J.S.C.. (D.E. 2 at 10-20 and 32-36; D.E. 6-2 at 1-3.) Judge Ravin questioned Petitioner at length regarding the knowing and voluntary nature of his Plea, as well as Petitioner's understanding of his constitutional rights pertinent to his Plea. (D.E. 2 at 13-19; *see also* D.E. 6-1 at 1-5 (Petitioner's June 28, 2010 Plea agreement with the State, and supplemental plea form pursuant to the No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2).) Judge Ravin accepted the Plea. (*Id.* at 19-20.)

*First Sentencing*: On August 24, 2010, Judge Ravin -- pursuant to Petitioner's plea agreement with the State -- sentenced Petitioner to an eighteen-year prison term, with an eighty-five percent period of parole ineligibility ("First Sentencing"). The court also dismissed Counts Two through Seven of the Indictment. (D.E. 6-2 at 1-3.)

*Direct appeal of First Sentencing*: On or about September 16, 2013, public defender Claire Drugach filed a Notice of Appeal on Petitioner's behalf. (D.E. 6-3 at 1-2.) On October 16, 2013, the Appellate Division granted Petitioner leave to file his notice of appeal as timely. (D.E. 6-4 at 1.)

On February 11, 2014, the Appellate Division of the Superior Court of New Jersey ("Appellate Division") heard oral argument on Petitioner's appeal. (D.E. 6-5.) Petitioner's

designated counsel, Jennifer Gottscalk, told the court that, although the First Sentencing's

judgment of conviction (D.E. 6-2) stated that Judge Ravin had found "mitigating factor (14),"

counsel could not "find number 14 anywhere [in] the history of 2C:44-1b." (D.E. 6-5 at 3.) Ms.

Gottscalk explained:

> [T]he [sentencing] judge did say that mitigating factor 14,
> whatever that is, outweighed the aggravating factors[1] and found
> strong evidence of that and sentenced [Petitioner] on the
> aggravated manslaughter at 18 years. It was a NERA[2] offense, so
> he sentenced him to 18 years. So [we are] scratching our heads
> about what mitigating factor number 14 was. I believe if the judge
> was going to make such a finding that the mitigating factor,
> whatever that was, outweighed the aggravating factors 3, 6, and 9,
> I think it needs to be remanded so that we can find out what the
> mitigating factor was. Perhaps it was a typo and maybe he meant
> mitigating factor 4, but I don't know that. But in any event, I think
> it needs to be remanded because it's a significant factor in the
> sentencing.

(D.E. 6-5 at 3-4.) The prosecutor responded to this argument as follows:

> This was a negotiated plea, [and] therefore carries with it a
> presumption of reasonableness. The deal was for 20 years. [H]e got
> 18 . . . And certainly the way in which [Petitioner] committed this
> aggravated manslaughter does not support a finding of mitigating
> factor 4,[3] so I disagree that that could be the judge's rationale.

---

[1] "As it determines a defendant's term of incarceration [under New Jersey law] within the
statutory range for each degree of offense, the sentencing court must first identify whether any of
N.J.S.A. 2C:44–1(a)'s thirteen aggravating factors and N.J.S.A. 2C:44–1(b)'s thirteen mitigating
factors apply. Each factor found by the trial court to be relevant must be supported by
'competent, reasonably credible evidence.' The court must then balance the relevant aggravating
factors and mitigating factors. The sentencing court does more than quantitatively compare the
number of pertinent aggravating factors with the number of applicable mitigating factors; the
relevant factors are qualitatively assessed and assigned appropriate weight in a case-specific
balancing process." *State v. Fuentes*, 85 A.3d 923, 931-32 (N.J. 2014) (internal citations
omitted).

[2] No Early Release Act ("NERA"),  N.J. Stat. Ann. § 2C:43–7.2.

[3] *See* N.J. Stat. Ann. § 2C:44-1(b)(4) ("In determining the appropriate sentence to be imposed on
a person who has been convicted of an offense, the court may properly consider the following
mitigating circumstances ... There were substantial grounds tending to excuse or justify the
defendant's conduct, though failing to establish a defense").

(*Id.* at 5.) Based on counsel's arguments and the parties' submissions, the Appellate Division reversed the First Sentencing and remanded for the trial court "to clarify its findings regarding mitigating factors and the weighing of aggravating and mitigating factors." (D.E. 2 at 28.)

*Resentencing*: On March 21, 2014, Petitioner appeared before Judge Ravin for resentencing ("Resentencing"). (D.E. 2 at 4-9.) Judge Ravin determined that "the aggravating factors preponderate over any mitigating factors, weighing in favor of a custodial term towards the higher end of the [sentencing] range. Nevertheless, I will sentence you in accordance with the plea agreement." (D.E. 2 at 7.) Judge Ravin resentenced Petitioner to a prison term of eighteen years, with an eighty-five percent minimum term. (*Ibid.*; D.E. 2 at 25-27.)

*Direct appeal of Resentencing*: Petitioner directly appealed the Resentencing, and the Appellate Division placed his case on the Excessive Sentencing Oral Argument calendar. (D.E. 2 at 21-24.) On December 4, 2014, the Appellate Division heard arguments from counsel (*ibid.*) and affirmed the Resentencing. (D.E. 2 at 45.)

On April 7, 2015, the New Jersey Supreme Court granted Petitioner's motion for leave to file a notice of petition for certification as within time. (D.E. 2 at 61.) On September 18, 2015, the New Jersey Supreme Court denied certification. *State v. Tidwell*, 121 A.3d 387 (N.J. 2015).

*Pursuit of PCR*: Petitioner alleges that he next filed a petition for post-conviction relief ("PCR")[4] and contacted the office of the Public Defender to seek representation on his PCR application. (D.E. No. 2 at 3.) He states that Public Defender Ruth Carlucci told him that "it was

---

[4] The record before this Court does not contain the PCR petition that Petitioner filed. (*See* D.E. 1 at 18 (April 15, 2016 letter to Petitioner from assistant public defender Jodi Ferguson, Esquire, referring to Petitioner's claim that he filed a PCR petition).) This Court refers to Petitioner's alleged PCR petition for this Opinion's discussion purposes only. The Court makes no finding as to whether or not Petitioner, in fact, filed a PCR petition. That indeterminate issue is not dispositive to this Court's analysis and conclusions in this Opinion.

not in [Petitioner's] best interest to pursue PCR." (*Ibid.*) However, in the record before this Court

there is a November 17, 2015 letter to Petitioner from Ms. Carlucci in which she stated:

> [The PCR Unit of the Office of the Public Defender is] screening
> cases early in the process to help you determine if PCR is in your
> best interests ... Since you pled guilty, if you proceed with the
> PCR, the remedy for any errors is not less time. In fact, if you are
> successful with the PCR, the plea will be set aside and the entire
> matter returned for trial. The State will have no obligation to offer
> you any deal, [and there is a] possibility of a greater sentence of
> imprisonment if you are convicted.

(D.E. 1 at 21-22.)

On January 12, 2016, Judge Ravin dismissed Petitioner's PCR petition without prejudice.

(D.E. 1 at 24.)

In the record before this Court is a September 20, 2016 letter to Petitioner from Ms.

Ferguson, stating that the P.D. Office's appellate services to Petitioner were complete because

his "case was remanded for re-sentencing, and the re-sentencing case is now complete." (D.E. 1

at 19.)

*Pursuit of habeas relief*: On November 7, 2016, Petitioner filed this § 2254 Petition, in

which he asserts a single ground for habeas relief: that his "sentence is excessive." (D.E. 1 at 7

("Excessive Sentence Claim).) On January 1, 2017, Respondents filed an answer to the Petition.

(D.E. 6.) On March 31, 2017, Petitioner filed a traverse in reply. (D.E. 8.)

## III.   LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of

habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only

on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." A habeas petitioner has the burden of establishing his entitlement to relief for

each claim presented in his petition based upon the record that was before the state court. *See*

*Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 567 U.S. 37, 40-41 (2012). District courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 773 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Under these standards, the relevant state court decision that is appropriate for federal habeas corpus review is the last reasoned state court decision. *See Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008). Additionally, these standards apply "even where there has been a summary denial" by the state court. *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011). "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only

by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* at 187-88

(quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011) ). Furthermore, "when the relevant state-

court decision on the merits ...does not come accompanied with ... reasons ... [w]e hold that the

federal court should 'look through' the unexplained decision to the last related state-court

decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

In addition to the above requirements, a federal court may not grant a writ of habeas

corpus under § 2254 unless the petitioner has "exhausted the remedies available in the courts of

the State." 28 U.S.C. § 2254(b)(1)(A). To do so, a petitioner must "'fairly present' all federal

claims to the highest state court before bringing them in federal court." *Leyva v. Williams*, 504

F.3d 357, 365 (3d Cir. 2007) (citing *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir.

2002) ). This requirement ensures that state courts "have 'an initial opportunity to pass upon and

correct alleged violations of prisoners' federal rights.'" *Id.* (citing *United States v. Bendolph*, 409

F.3d 155, 173 (3d Cir. 2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

Nevertheless, to the extent that a petitioner's constitutional claims are unexhausted, a court can

nevertheless deny them on the merits under 28 U.S.C. § 2254(b)(2). *See Taylor v. Horn*, 504

F.3d 416, 427 (3d Cir. 2007); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005).

## IV.    **DISCUSSION**

The only claim in Petitioner's § 2254 Petition is the Excessive Sentence Claim. (D.E. 1.)

That claim will be denied for the following reasons.

At the First Sentencing, Judge Ravin

(1) found statutory aggravating factor three -- *i.e.*, "[t]he risk that the defendant will commit

another offense." The judge explained that Petitioner "has been arrested twelve times and

convicted six times. No evidence exists to detract from the reasonable likelihood that he will offend

7

again" (D.E. 6-2 at 3);

     (2) found statutory aggravating factor six -- *i.e.*, "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted" (*ibid.*);

     (3) found statutory aggravating factor nine -- *i.e.*, "[t]he need for deterring the defendant and others from violating the law." The judge explained that although "[Petitioner] has had the benefit of downgrading, probation, and parole, none of [them] have deterred him from breaking the law." (*Ibid.*)

     The Judgment of Conviction noted, without further elaboration, that Judge Ravin also found "mitigating factor 14." (*Ibid.*)[5]

     At the Resentencing, Judge Ravin reviewed Petitioner's extensive arrest and conviction history, which encompassed twelve arrests and at least three convictions of indictable offenses. (D.E. 2 at 5 (giving Petitioner "the benefit of the doubt" as to whether his record reflected three or four prior indictable offenses).) Petitioner's prior offenses of conviction included an indictment for second-degree aggravated assault, unlawful possession of a handgun, possession of a handgun for an unlawful purpose, and aggravated assault on a police officer. (*Ibid.*) Petitioner's adult arrests, spanning the period 2000 – 2007, were for offenses including weapons

---

[5] This Court notes that the state court record evinces what appear to be several typographical errors that caused confusion among counsel and the courts during the First Sentencing and Resentencing proceedings. (*See, e.g.*, D.E. 6-2 at 3 (Judgment of Conviction on the First Sentencing, stating: "... the mitigating factors substantially outweigh any aggravating factors"); D.E. 2 at 22-23 (transcript for oral argument on direct appeal of Resentencing; stating, as to the text of the First Sentencing: "The Court: 'Wait a minute. You're confusing me.' Public Defender: 'I'm confused myself ... That may have been the reason why it was sent back.' The Court: 'Oh, so there might have been a typo'); D.E. 6-5 at 4 (transcript for oral argument on direct appeal of First Sentencing; stating that reference to "mitigating factor (14)" in the First Sentencing may have been a typographical error since no such numbered factor appears in N.J. Stat. Ann. § 2C:44-1b).)

possession, robbery, aggravated assault, resisting arrest, murder, and aggravated arson. He had a history of parole violations, as well. (*Ibid.*)

At Resentencing, Judge Ravin told Petitioner that the "presumption for incarceration does apply because you stand before me convicted of a first-degree offense." (*Ibid.*) Judge Ravin then assessed the aggravating and mitigating factors at length. (*Id.* at 6-8.)

Judge Ravin rejected mitigating factor two -- *i.e.*, whether Petitioner contemplated that his conduct would cause or threaten serious harm. The court could not "fathom how one who douses someone with gasoline and lights them on fire, as [Petitioner] did, does not contemplate at least the threat of serious harm." (*Id.* at 6).

Judge Ravin found aggravating factor three -- *i.e.*, whether there was risk of Petitioner committing another offense. The judge noted that, light of Petitioner's history of twelve arrests and multiple convictions, "[t]here's no reason not [*sic*] to believe that his past behavior cannot be used to predict future behavior." (*Id.* at 7.)

Judge Ravin found aggravating factor nine -- *i.e.*, whether there was a need for deterrence. This finding was based on the fact that Petitioner's previous downgrades, probations, and paroles had never deterred him from breaking the law. (*Ibid.* ("[Petitioner] has, to date, not conformed his conduct to lead a peaceable, law-abiding life. He has only demonstrated that he is a violent, assaultive recidivist").)

The Judgement of Conviction following Resentencing explained that the court's reference to mitigating "factor 14" at Petitioner's First Sentencing referred to "a non-statutory mitigating factor based on the remarks of [Petitioner's] aunt and the victim's sister at the original sentence that [Petitioner] is not a bad person, [that] he comes from a loving family, that [the] victim's family wants no jail time, and that [Petitioner] should be treated as leniently as

possible." (D.E. 6-7 at 3.) However, the court at Resentencing did "not put much qualitative weight on the family's wishes because [Petitioner's] crime is against society. This is not a civil suit. The risk of re-offense is of paramount concern to this Court." (D.E. 2 at 7.)

Following Petitioner's appeal after the Resentencing, the Appellate Division placed his matter on the Excessive Sentencing Oral Argument calendar. (D.E. 2 at 21-24.) On December 4, 2014, the Appellate Division heard arguments from counsel. (*Ibid.*) The public defender argued that Judge Ravin at the First Sentencing found aggravating factors three, six, and nine, but that the Judge found only factors three and nine at the Resentencing. (*Id.* at 22.) The public defender also argued that "a prior robbery which was attributed to [Petitioner] at the [F]irst [S]entencing was not attributable to him." (*Id.* at 22 and 23.) The public defender contended that "[t]he same sentence was imposed [at Resentencing], this time with one less aggravating factor ... [and] one less prior conviction." (*Id.* at 22.) In opposition, the prosecutor argued that Petitioner's sentence was "entirely proper" because, *inter alia*, Petitioner had: three indictable prior convictions "which were the actual number after careful consideration by the sentencing court"; a juvenile record for robbery; and twelve adult arrests. (*Id.* at 23-24.)

In an order dated December 4, 2014, the Appellate Division affirmed the sentence imposed at Resentencing. The Appellate Division ruled that "the sentence is not manifestly excessive or unduly punitive, and does not constitute an abuse of discretion." (D.E. 6-9 at 1.)

This Court reasonably construes the record before it as demonstrating that Petitioner's direct appeal of the First Sentencing was limited to seeking clarification of Judge Ravin's reference to "mitigating factor (14)." (*See* D.E. 6-5 at 3-4; D.E. 2 at 28.) Petitioner asserted the Excessive Sentence Claim during direct appeal after the Resentencing.

A challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates some separate federal constitutional limitation. *Butrim v. D'Ilio*, No. 14-4628, 2018 WL 1522706, at \*16 (D.N.J. Mar. 28, 2018) (citing *Pringle v. Court of Common Pleas,* 744 F.2d 297, 300 (3d Cir. 1984)); *see also* 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Short of a claim that a sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality and length of a sentence present questions of state law over which this Court has no jurisdiction under § 2254. *See Chapman v. United States*, 500 U.S. 453, 465 (1991) ("the court may impose ... whatever punishment is authorized by statute for [an] offense, so long as that penalty is not cruel and unusual, and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment"); *Gibbs v. Bartkowski*, No. 11-1137, 2018 WL 2002786, at \*15 (D.N.J. Apr. 30, 2018) (applying *Chapman* to unconstitutional sentence claim raised in a § 2254 petition), *reconsideration denied*, 2018 WL 3201782 (D.N.J. June 29, 2018).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California,* 538 U.S. 11, 20 (2003) (citations omitted). The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment) (citation omitted) (*quoted with approval in Ewing v. California,* 538 U.S. 11, 23 (2003)). *See also Solem v. Helm,* 463 U.S. 277, 292 (1983).

Under the foregoing standards, Petitioner's eighteen-year sentence for aggravated manslaughter pursuant to N.J. Stat. Ann. § 2C:11-4a[6] is not unconstitutional. *See Velez v. Lagana*, No. 12-0430 (DRD), 2015 WL 2344674 at *12 (D.N.J. May 14, 2015). First, the Resentencing was not arbitrary, but rather was based on: the "risk that [Petitioner] will commit another offense"; "the need for deterring [Petitioner] and others from violating the law"; and that the "aggravating factors preponderate over any mitigating factors." (D.E. 2 at 6-7.) In addition, the sentence imposed on Petitioner is within the permissible sentencing range under NERA on the aggravated manslaughter charge. *See* N.J. Stat. Ann. § 2C:44-3a.[7] *See United States v. Miknevich*, 638 F.3d 178 (3d Cir. 2011) (finding that defendant failed to show that his sentence, which was within statutory limits, plainly violated the Eighth Amendment's prohibition against cruel and unusual punishment; explaining that "[g]enerally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment") (internal citations omitted); *Government of the Virgin Islands v. Garcia*, 232 F. App'x 167, 170 (3d Cir. 2007) (determining that defendant's sentences for multiple crimes were not so disproportionate to the gravity of his offenses as to amount to cruel and unusual punishment in violation of the

---

[6] "Criminal homicide constitutes aggravated manslaughter when: (1) The actor recklessly causes death under circumstances manifesting extreme indifference to human life; or (2) The actor causes the death of another person while fleeing or attempting to elude a law enforcement officer in violation of subsection b. of N.J.S.2C:29-2." N.J. Stat. Ann. § 2C:11-4a.

[7] "The court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term of imprisonment if it finds one or more of the grounds specified in subsection a., b., c., or f. of this section ... (a) The defendant has been convicted of a crime of the first, second or third degree and is a persistent offender. A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced."

Eighth Amendment given that, *inter alia*, all sentences were within the ranges authorized by the legislature).

The New Jersey courts' adjudication of this issue was therefore neither contrary to nor an unreasonable application of clearly established United States Supreme Court precedent. *See Velez* at *12 ("Absent a claim that a sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality and length of a sentence are questions of state law over which this Court has no jurisdiction under § 2254"). Petitioner cites to no constitutional provision or federal law to support his Excessive Sentence Claim. (*See* D.E. 1.) His displeasure with the Resentencing does not give rise to a viable claim of disproportionality that violates the Eighth Amendment. *See Ewing*, 538 U.S. at 20. To the extent Petitioner challenges Judge Ravin's balancing of aggravating and mitigating factors for purposes of the Resentencing, his claim is not reviewable on habeas. *See Jenkins v. Bartkowski*, No. 10-4972, 2014 WL 2602177, at *21 (D.N.J. June 11, 2014). Petitioner objects, but has presented no cogent argument that any such error would render his sentence is unconstitutional. *See id.*; D.E. 1 at 7-8.

Any sentencing error that may have occurred would at most present an issue of State law. As it happens, however, the state courts have established authoritatively that Petitioner's Resentencing did comply with New Jersey law. *See* N.J. Stat. Ann. § 2C:11-4a and N.J. Stat. Ann. § 2C:44-3a.

For the foregoing reasons, the Court will deny the Petition in its entirety.

## V.    CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court rules that a certificate of appealability shall not issue in this case.

## VI.    CONCLUSION

For the foregoing reasons, Mr. Tidwell's § 2254 petition will be denied on the merits. The Court declines to grant a certificate of appealability. An appropriate order will be entered.

DATED: October 17, 2019

_____
KEVIN MCNULTY
United States District Judge